IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MSCI 2006-IQ11 Logan Boulevard Limited Partnership *a Delaware limited partnership*, | : : : | Case No. 4:16-CV-2090 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| Greater Lewistown Shopping Plaza, L.P., *a Pennsylvania limited partnership*, | : : : | |
| | : | |
| Defendant. | : | |

MEMORANDUM OPINION
FEBRUARY 2, 2017

## I.   BACKGROUND

On October 17, 2016, Plaintiff, MSCI 2006-IQ11 Logan Boulevard Limited Partnership, a Delaware limited partnership, hereinafter "MSCI" or "Plaintiff" filed commercial mortgage foreclosure action against Defendant, Greater Lewistown Shopping Plaza, L.P., a Pennsylvania limited partnership, hereinafter "Lewistown Shopping Plaza" or "Defendant." Plaintiff filed a Motion to Appoint a Receiver[1] on November 16, 2016 requesting the appointment of a receiver to operate and manage the mortgaged property of borrower as borrower has allegedly been in

---

[1] ECF No. 5.

1

default on its $10,500,000 mortgage since March 2016.

On November 18, 2016, I granted the motion in part and denied it in part; I indicated that the mortgage did allow for Court appointment of a receiver, but further indicated that the proposed order filed by Plaintiff was broader than the scope of the mortgage, and I was not prepared to grant that *ex parte*.  ECF No. 7. That same date, Plaintiff filed its affidavit of service of summons, indicating that Defendant had been served with process.  Prior to Plaintiff filing a renewed motion for appointment of a receiver (which will be disposed of by separate Order), Defendant filed the instant motion to dismiss based on Federal Rules of Civil Procedure 12(b)(1) and (6).  This motion then is the subject of the instant Memorandum Opinion.

## II.   DISCUSSION

### a.  *Federal Rule of Civil Procedure 12(b)(1):*

#### i.  **Standard of Review under Rule 12(b)(1):**

"If a party asserts several objections and defenses to a complaint, including a F.R.C.P. 12(b)(1) defense for lack of subject matter jurisdiction, "the cases are legion stating that the district court should consider the Rule 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction,

the accompanying defenses and objections become moot and do not need to be determined by the judge.'"[2]

Additionally, "[t]he procedure under a motion to dismiss for lack of subject matter jurisdiction is quite different" from the familiar procedure under Rule 12(b)(6).[3] "At the outset we must emphasize a crucial distinction, often overlooked, between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings."[4] "The facial attack does offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true."[5] "The factual attack, however, differs greatly, for here the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56."[6] "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction (its very power to hear the case) there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."[7] "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of

---

[2] *Scanlin v. Soldiers & Sailors Mem'l Hosp*., No. 4:06-CV-01915, 2007 WL 141014, at *2 (M.D. Pa. Jan. 17, 2007) (McClure, J.) *citing* 5B Wright & Miller, Federal Practice and Procedure: Civil 3d § 1350 at 154-55 (2004); *see also Steel Co. v. Citizens for a Better Env't*, 523 U .S. 83, 101 (1998).

[3] *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id*, (brackets added).

disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."[8]  "Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist."[9]

### ii.  Analysis:

Lewistown Shopping Plaza asserts that this Court does not have subject matter jurisdiction because there is not diversity of citizenship as required by 28 U.S.C. Section 1332.[10]   It argues that diversity is defeated based on the date the complaint was filed.

Defendant is domiciled in the Commonwealth of Pennsylvania. A third mortgage assignment, to Plaintiff, a State of Ohio domiciliary, was dated on October 13, 2016, but it was not recorded until October 18, 2016, one day after the complaint was filed.  Defendant therefore argues that this Court does not have jurisdiction because the mortgage was still held by the second mortgage assignee, a Pennsylvania domiciliary, as of the filing of the complaint.

I respectfully disagree and reject Lewistown Shopping Plaza's argument. Defendant  focuses on the recording date.  The date that would commence privity of contract between these two parties is, however, the assignment date.  "The

---

[8] *Id.*

[9] *Id.*

[10] Defendant also argues that there is no federal question jurisdiction under 28 U.S.C. Section 1331, an issue which is undisputed.

assignment of a mortgage confers standing to the assignee, even in some cases, unlike the instant case, where the assignment was not recorded."[11]   Accordingly, I am satisfied that there is complete diversity of citizenship[12] sufficient to confer jurisdiction on this Court.  I turn now to Defendant's motion under Fed. R. Civ. P. 12(b)(6).

### b.  Federal Rule of Civil Procedure 12(b)(6):

### i.  Standard of Review under Rule 12(b)(6):

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may file a motion to dismiss for "failure to state a claim upon which relief can be granted." Such a motion "tests the legal sufficiency of a pleading" and "streamlines litigation by dispensing with needless discovery and factfinding."[13] "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."[14] This is true of any claim, "without regard to whether it is based on an outlandish legal theory or

---

[11] *Bayview Loan Servicing, LLC v. Naz*, No. 2839 EDA 2014, 2015 WL 6167320, at *3 (Pa. Super. Ct. Apr. 29, 2015) (un-published), *see also U.S. Bank N.A. v. Mallory*, 982 A.2d 986, 993 (Pa.Super.2009).

[12] Additionally, the amount in controversy is well above the $75,000 threshold delineated in the diversity statute.

[13] *In re Hydrogen Peroxide Litigation*, 552 F.3d 305, 316 n.15 (3d Cir. 2008) (Scirica, C.J.) (*quoting Szabo v. Bridgeport Machines, Inc.,* 249 F.3d 672, 675 (7th Cir. 2001) (Easterbrook, J.)). *Neitzke v. Williams,* 490 U.S. 319, 326–27 (1989).

[14] *Neitzke*, 490 U.S. at 326 (*citing Hishon v. King & Spalding,* 467 U. S. 69, 73 (1984)).

on a close but ultimately unavailing one."[15]

Beginning in 2007, the Supreme Court of the United States initiated what some scholars have termed the Roberts Court's "civil procedure revival" by significantly tightening the standard that district courts must apply to 12(b)(6) motions.[16] In two landmark decisions, *Bell Atlantic Corporation v. Twombly and Ashcroft v. Iqbal*, the Roberts Court "changed . . . the pleading landscape" by "signal[ing] to lower-court judges that the stricter approach some had been taking was appropriate under the Federal Rules."[17] More specifically, the Court in these two decisions "retired" the lenient "no-set-of-facts test" set forth in *Conley v. Gibson* and replaced it with a more exacting "plausibility" standard.[18]

Accordingly, after *Twombly* and *Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[19] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20] "Although the plausibility standard does not impose a probability requirement, it does require a

---

[15]  *Neitzke*, 490 U.S. at 327.

[16]  Howard M. Wasserman, THE ROBERTS COURT AND THE CIVIL PROCEDURE REVIVAL, 31 Rev. Litig. 313 (2012).

[17]  550 U.S. 544 (2007); 556 U.S. 662, 678 (2009). Wasserman, *supra* at 319–20.

[18]  *Iqbal*, 556 U.S. at 670 (*citing Conley v. Gibson*, 355 U.S. 41 (1957)) ("[a]cknowledging that *Twombly* retired the *Conley* no-set-of-facts test").

[19]  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

[20]  *Iqbal*, 556 U.S. at 678.

pleading to show more than a sheer possibility that a defendant has acted unlawfully."[21] Moreover, "[a]sking for plausible grounds . . . calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]."[22]

The plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[23] No matter the context, however, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[24]

When disposing of a motion to dismiss, a court must "accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]."[25] However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions."[26] "After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss."[27] "Threadbare recitals of

---

[21]  *Connelly v. Lane Const. Corp.*, 809 F.3d 780 (3d Cir. 2016) (Jordan, J.) (internal quotations and citations omitted).

[22]  *Twombly*, 550 U.S. at 556.

[23]  *Iqbal*, 556 U.S. at 679.

[24]  *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557 (internal quotations omitted)).

[25]  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).

[26]  *Iqbal*, 556 U.S. at 678 (internal citations omitted).

[27]  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (Nygaard, J.).

the elements of a cause of action, supported by mere conclusory statements, do not

suffice."[28]

As a matter of procedure, the United States Court of Appeals for the Third

Circuit has instructed that:

> Under the pleading regime established by *Twombly* and *Iqbal*, a
> court reviewing the sufficiency of a complaint must take three
> steps. First, it must tak[e] note of the elements [the] plaintiff must
> plead to state a claim. Second, it should identify allegations that,
> because they are no more than conclusions, are not entitled to the
> assumption of truth. Finally, [w]hen there are well-pleaded factual
> allegations, [the] court should assume their veracity and then
> determine whether they plausibly give rise to an entitlement to
> relief.[29]

### ii.  Analysis:

The Court now turns to the specifics of the instant matter, including the taking

of the facts alleged in the complaint as true, as I must when considering a failure to

state a claim motion to dismiss.

Defendant raises two arguments under Rule 12(b)(6).  First, that Plaintiff

failed to plead its action in accordance with Pa. R. Civ. P. 1147(a); and second,

that it violated Fed. R. Civ. P. 8 in filing its complaint. I respectfully reject both of

Defendant's arguments.

"Pennsylvania law requires a foreclosure complaint to include: (1) a specific

averment of default, (2) an itemized statement of the amount due, and (3) a

---

[28]  *Iqbal*, 556 U.S. at 678.

[29]  *Connelly*, 809 F.3d at 787 (internal quotations and citations omitted).

demand for judgment of the amount due."[30]  Plaintiff has complied with all of these requirements.  Specifically, in paragraphs 29-35 of the complaint, ECF No. 1, Plaintiff states:

¶ 29.  Borrower failed to pay to Lender the outstanding principal balance of the Note, together with all accrued but unpaid interest thereon, on or before the Maturity Date of April 5, 2016.

¶ 30.  Borrower's failure to pay the principal and interest in full on the Maturity Date constitutes an Event of Default under the Loan Documents.  (*See* Loan Agreement § 8.1(a).

¶ 31.  Lender provided a Notice of Default to Borrower by letter dated May 10, 2016, a copy of which is attached hereto as <u>Exhibit L</u>, which advised Borrower in relevant part that "Borrower is in default under the Note and other Loan Documents by virtue of, among other things, its failure to pay all amounts when due thereunder."  (Notice of Default at 1.)

¶ 32.  Notwithstanding the Notice of Default, Borrower has failed to cure the ongoing Event of Default by paying in full the outstanding principal and interest due under the Note.

¶ 33.  Accordingly, Lender brings this action to foreclose the Mortgage.

---

[30] *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F. App'x 149, 153 (3d Cir. 2008) s*ee* Pa. R. Civ. P. 1147.

¶ 34.  The following amounts are due and owing by Borrower under the Note and the Mortgage as of October 5, 2016, without defense, deduction, offset, recoupment, or counterclaim:

| | |
|---|---|
| Principal Balance | $8,804.606.67 |
| Note Rate Interest (3/5/16-10/5/16) | 290,583.33 |
| Default Interest (4/5/16-10/5/16) | 440,230.33 |
| Annual SPE Fees | 636.41 |
| Appraisal Fees | 6,000.00 |
| Legal Fees | 23,723.74 |
| SPE Fees | 2,200.00 |
| Tax Escrow Advance | 20,240.66 |
| Title Expense | 2,549.44 |
| LNR Administrative Fee | 125.00 |
| Master Servicer Payoff Processing Fee | 500.00 |
| *Less Credit – Reserve Funds* | *(57,146.76)* |
| | |
| TOTAL AMOUNT DUE a/o 10/5/16 | 9,758,148.82 |

¶ 35.  Additional per diem interest (at the contractual default rate) as well as other fees, charges and costs recoverable under the Loan Documents have continued and continue to accrue on the Loan.

As illustrated, Plaintiff specifically alleged default, itemized the amount due, and demanded the amount due, all in compliance with Pa. R. Civ. P. 1147.[31]

Additionally, Defendant's other argument that the complaint is violative of Fed. R. Civ. P. 8 also fails.  That rule states,

(a) Claim for Relief. A pleading that states a claim for relief must contain:(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.[32]

I further hold that the complaint is in accordance with Fed. R. Civ. P. 8. The basis for jurisdiction is diversity, the pleadings and attachments show an alleged default, and the demand for relief is clearly stated as a mortgage foreclosure.

---

[31] This is also in compliance with hornbook suggested formatting.  *See* § 121:58.Form of complaint in mortgage foreclosure action, 22 Standard Pennsylvania Practice 2d § 121:58
[32] Fed. R. Civ. P. 8.

**III.    CONCLUSION**

Accordingly, a separate Order will issue denying Defendant's Motion to

Dismiss for all of the foregoing reasons.


                                    BY THE COURT:


                                    /s Matthew W. Brann
                                    Matthew W. Brann
                                    United States District Judge