IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| MSCI 2006-IQ11 LOGAN BOULEVARD LIMITED PARTNERSHIP, a Delaware limited partnership,<br><br>Plaintiff,<br><br>v.<br><br>GREATER LEWISTOWN SHOPPING PLAZA, L.P., a Pennsylvania limited partnership,<br><br>Defendant. | : : : : : : : : : : : : : : : : : | CIVIL ACTION<br><br>NO. 4:16-cv-02090-MWB |
|---|---|---|

## ORDER FOR APPOINTMENT OF RECEIVER

AND NOW, this 6th day of February, 2017, upon consideration of the renewed motion for appointment of receiver of plaintiff, MSCI IQ11 Logan Boulevard Limited Partnership, a Delaware limited partnership ("Plaintiff"), the Revised Affidavit of Aaron P. Guillotte and Plaintiff's supporting memorandum, it is ORDERED that Plaintiff's motion be and hereby is GRANTED as follows:

1. **APPOINTMENT OF THE RECEIVER**

    (a) Metro Commercial is hereby appointed for the benefit and protection of the rights and interests of Plaintiff as the receiver (the "Receiver") for all real and personal, tangible and intangible property (including, without limitation, all structures, leases, fixtures and moveable personal property) owned by Borrower and located at 306 South Logan Boulevard, Lewistown, Pennsylvania 17044, including but not limited to all of the "Mortgaged Property" as defined in the Open-End Mortgage, Assignment of Leases and Rents and Security Agreement effective as of March 28, 2006 (the "Mortgage"), from Borrower to IXIS Real Estate Capital Inc., duly recorded and ultimately assigned to Plaintiff (the "Property").

(b) Appointment of the Receiver is expressly authorized by Sections 2(a) and 10(a)(vii) of the Mortgage and is otherwise warranted by the exigencies of the circumstances.

(c) The Receiver's qualifications and fee schedule for this engagement are attached hereto as <u>Exhibit A</u>. All payments to the Receiver shall be added to the total indebtedness owed by Borrower to Plaintiff.

(d) The Receiver shall serve without bond.

2. **TERM OF THE RECEIVER**

(a) The Receiver shall serve as the receiver for the Property for a period which shall commence on the date of this Order and shall continue, notwithstanding the entry of judgment in favor of Plaintiff (whether by consent or otherwise), subject to the terms of Section 2(b) below, until the earliest to occur of: (i) the termination of such appointment by a subsequent Order of Court or by the delivery by Plaintiff of a Termination Notice as hereinafter defined and provided; (ii) the sale of the Property to a third party; (iii) Plaintiff's (or its nominee's, designee's or assignee's) acquisition of fee simple title to the Property through the delivery to Plaintiff (or its nominee, designee or assignee) of a sheriff's deed to the Property or by deed in lieu of foreclosure; or (iv) full payment of all of sums due and owing under the Loan Documents (as defined in the Mortgage).

(b) Notwithstanding the terms of Section 2(a) above, at Plaintiff's request following the occurrence of the events described in clauses (ii) or (iii) of Section 2(a) above, the Receiver shall continue the receivership for such reasonable period of time as may be necessary to wind up the receivership and transfer possession and control of the Property to the new owner thereof. In connection therewith, the Receiver shall deliver to Plaintiff and/or the new owner of the Property all documents pertaining to the Property in the Receiver's possession, including without limitation all books and records (including invoices), permits, plans, leases, licenses and

contracts, and perform such other duties as may be reasonably necessary to cause an orderly transition of possession, control, and management of the Property to the new ownership. Within 30 days after the termination of the receivership, the Receiver shall render a full accounting to Plaintiff and shall promptly provide a copy of such accounting to Borrower. In such event, the receivership established hereby shall automatically terminate upon written notice from the Receiver to the Plaintiff and this Court indicating that the Receiver has completed its duties under this Section 2(b).

(c) The receivership authorized and created hereby may be terminated at any time by Plaintiff by filing with the Court and serving upon the Receiver and Borrower a Notice to Terminate Appointment of the Receiver (a "Termination Notice").

3. **POWERS AND DUTIES OF THE RECEIVER**

The Receiver shall have all necessary powers to operate and manage the Property, all in accordance with the terms hereof, including, without limitation, the following powers:

(a) To enter upon and take immediate possession of the Property and the rents, income, revenues, proceeds and profits derived therefrom (collectively, the "Rents") and all personally owned by Borrower that relates in any manner to the management or operation of the Property, including without limitation all books, records, bank accounts, reserve accounts, cash on hand, keys, and combinations for locks or other access information in the possession of or reasonably available to the Borrower or its property manager, to open all mail and other correspondence received in connection with the Property whether addressed to Borrower or its property manager or otherwise, and to access and use all office equipment used by Borrower or its property manager at the Property, including all computer equipment, software programs and passwords;

(b) To take all actions necessary to preserve, maintain, operate and manage the Property;

(c) To employ such counsel and, with the consent of Plaintiff, such accountants or other professionals, contractors and support personnel and other persons as may be necessary in order to carry out its duties as the Receiver and to preserve, maintain and operate the Property, and to compensate such persons at competitive rates, without further Order of this Court, at their respective hourly rates, plus reimbursement of all reasonable and necessary out-of-pocket expenses;

(d) To commence, prosecute or defend such actions at law or in equity (in its own name or in the name of Borrower) that the Receiver deems necessary to fulfill its duties hereunder or to protect or preserve the Property;

(e) To continue in effect, modify or terminate (if and to the extent terminable without penalty or premium unless such termination penalty or premium shall be paid by the Receiver) any or all agreements, contracts, understandings or commitments entered into by Borrower with respect to the Property, to the extent permitted by applicable law, and to make such additional agreements and contracts as may be reasonably necessary for the operation and preservation of the Property;

(f) To operate, manage, market and lease the Property, or to retain a reputable and experienced management company, broker and/or leasing agent to operate, manage, market and lease the Property, without further order of this Court, but with the consent of Plaintiff, at competitive rates plus reimbursement of its reasonable and necessary out-of-pocket expenses;

(g) To pay all insurance premiums and taxes and assessments levied against the Property during the receivership, and to purchase merchandise, construction and other

materials, supplies and services as the Receiver deems necessary and advisable to assist the Receiver in performing its duties hereunder and to pay therefor the ordinary and usual rates and prices;

(h) To open and utilize any new bank accounts as the Receiver deems necessary or desirable in connection with its obligations hereunder, and in connection therewith, the Receiver is authorized and empowered to use the Borrower's tax identification numbers;

(i) To make, enter into, enforce, terminate, modify or accept a surrender of any of the Leases (as defined in the Mortgage); to obtain and evict occupants (subject to applicable laws and regulations); to bring or defend any suits in connection with the Leases or Rents in its own name or in the name of Borrower; to compromise any Rents or other payments, income or proceeds that may become due; and to sue for or otherwise collect and receive all Rents, including those past due and unpaid;

(j) To present for payment any checks, money orders or other forms of payment made payable to Borrower or its property manager which constitute Rents, endorse same and collect the proceeds thereof, such proceeds to be used and maintained as elsewhere provided herein;

(k) With the consent of Plaintiff, to make any alterations, renovations, repairs, improvements or replacements to the Property that the Receiver deems necessary or desirable for the successful operation of the Property;

(l) To keep the Property insured (whether by the existing insurance coverages or new coverages), each of which insurance policy shall name the Receiver and Plaintiff as additional insureds thereunder and shall comply, at a minimum, with the terms of the Mortgage and the other Loan Documents (as defined in the Mortgage);

(m) In connection with discharging the Receiver's obligations hereunder, to use for any such purpose any funds of Borrower, the Rents, Additional Advances as hereinafter defined and provided and the Escrows as hereinafter defined and provided;

(n) To obtain copies of any and all plans, specifications and drawings pertaining or relating to any part or all of the Property and to obtain such plans, specifications and drawings from Borrower, from architects and contractors retained or formerly retained by Borrower, or from the city, municipality, county or state in which such Property is situated and/or any agency, commission, board or department thereof if the Receiver deems it necessary or advisable in its discretion to do so;

(o) At Plaintiff's request, to distribute to Plaintiff (on a schedule determined by Plaintiff but no less frequently than once per calendar month) all or any portion (as determined by Plaintiff) of the Rents and any cash remaining after the Receiver's payment of the costs and expenses incurred in connection with the operation, protection, preservation, management, marketing for sale, repair, improvement, replacement and maintenance of the Property and performance of Receiver's obligations under this Order;[1]

(p) To apply, obtain and pay any reasonable fees for any lawful license, permit or other governmental approval relating to the Property or the operation thereof; to confirm the existence of and, to the extent permitted by law, exercise the privileges of any existing license, permit or approval relating to the Property or the operation thereof; and to do all things necessary to protect and maintain such licenses, permits and approvals;

---

[1] Such Rents may be applied in the same order, priority and proportions as Plaintiff is entitled to apply cash collateral upon an event of default under the Mortgage and/or the other Loan Documents.

(q) To notify all local, state and federal governmental agencies, all vendors and suppliers, and any and all others who provide goods or services to the Property of its appointment as the Receiver. No utility may terminate service to the Property as a result of non-payment of pre-receivership obligations without prior order of this Court. No insurance company may cancel its existing current-paid policy as a result of the appointment of the Receiver, without prior order of this Court.

(r) To take any and all steps necessary to receive, collect and review all mail or other parcels addressed to Borrower or its property manager, including, but not limited to, mail or other parcels addressed to any post office boxes held in the name of Borrower or its property manager, and the Receiver is authorized to instruct the U.S. Postmaster and any other mail or parcel carrier or service to re-route, hold, and/or release said mail or other parcels to the Receiver. Mail and other parcels addressed to Borrower and reviewed by the Receiver in the performance of its duties will be forwarded to Borrower by the Receiver after its review;

(s) With the consent of Plaintiff, to delegate or assign any and all rights and powers of the Receiver set forth herein, in the reasonable discretion of the Receiver;

(t) To apply to this Court for further direction and for such further powers as may be necessary to enable the Receiver to fulfill its duties; and

(u) To keep a true and accurate account of any and all receipts and expenditures and, within 60 days of appointment, to file with the Court a report setting forth the Property, the interests in and claims against it, its income-producing capacity and recommendations as to the best method of realizing its value for the benefit of those entitled.

Neither the Receiver nor any person or entity employed by the Receiver (collectively, the "Receiver Parties") shall be liable to Borrower or to any third party for any act

or omission which he, she, it or they have undertaken in good faith; provided, however, nothing contained herein shall release or limit the liability of the Receiver Parties arising from the gross negligence or willful misconduct of the Receiver Parties.

4. **TURNOVER BY BORROWER**

Borrower and its officers, directors, general partners, agents, property managers, architects, contractors, subcontractors and employees, and all other persons with actual or constructive knowledge of this Order and their agents and employees, shall, upon request and to the extent in their respective possession or control:

(a) Turn over to the Receiver the possession of the Property, including all service contracts, all keys to all locks on the Property, and the records, books of account, ledgers and all business records for the Property (including, without limitation, construction contracts and subcontracts, the plans, specifications and drawings relating to or pertaining to any part or all of the Property), wherever located and in whatever mode maintained (including, without limitation, information contained on computers and any and all software relating thereto as well as all banking records, statements and canceled checks);

(b) Turn over to the Receiver all documents which constitute or pertain to all licenses, permits or governmental approvals relating to the Property;

(c) Turn over to the Receiver all documents which constitute or pertain to insurance policies (whether currently in effect or lapsed) relating to the Property and immediately name the Receiver as an additional insured on all effective insurance policies;

(d) Turn over to the Receiver all contracts, leases and subleases, royalty agreements, licenses, assignments or other agreements of any kind whatsoever, whether currently in effect or lapsed, which relate to any interest in the Property, and all documents pertaining to past, present or future construction of any type with respect to all or any part of the Property;

(e) Turn over to the Receiver all documents of any kind pertaining to the environmental condition of (including without limitation any and all toxic chemicals or hazardous material, if any, ever brought, used and/or remaining upon) the Property, including, without limitation, all reports, audits, assessments, surveys, inspections, checklists, proposals, orders, citations, fines, warnings and notices;

(f) Turn over to the Receiver, or, at the election of the Receiver, pay into an account designated by Receiver and in which Plaintiff shall have a security interest (the "Rent Account"), all Rents received by Borrower or its property manager, if any (including, without limitation, all security deposits, advances, prepaid rents, storage fees, and parking fees) wherever and in whatsoever mode maintained, and cooperate with the Receiver to cause all future Rents to be deposited directly by the payors thereof into the Rent Account. Any Rents received by Borrower or its property manager after the date of this Order shall be immediately turned over to the Receiver, and the Receiver shall have the right to notify tenants and other persons now or hereafter in possession of all or any portion of the Property to pay all Rents directly to the Receiver. Any security or other deposits which occupants have paid to Borrower or its agents and which are not paid to the Receiver, and over which the Receiver has no control, shall be and remain obligations of the Borrower. Notwithstanding the foregoing, the Receiver shall exercise commercially reasonable discretion in determining whether to refund a security deposit to an occupant; and the Receiver shall pay any such funds from security deposits turned over from Borrower first, and then from cash flow generated from rents, issues, profits, and income from the Property. Any other security or other deposits which the tenants or other third parties have paid or may pay to the Receiver, if otherwise refundable under the terms of their leases or

agreements with the Receiver, shall be expenses of the Property and refunded by the Receiver in accordance with the leases or agreements; and

(g) Cooperate and use their best efforts to ensure a smooth transition of the management and operation of the Property to the Receiver.

5. **NON-INTERFERENCE BY BORROWER**

Borrower and its officers, directors, general partners, agents, property managers, architects, contractors, subcontractors and employees, and all other persons with actual or constructive knowledge of this Order and their agents and employees, are enjoined from:

(a) Interfering with the Receiver, directly or indirectly, in the management and operation of the Property or in the collection of Rents;

(b) Extending, dispersing, transferring, assigning, selling, conveying, devising, pledging, mortgaging, creating a security interest in or disposing of the whole or any part of the Property (including the Rents thereof) without the prior written consent of the Receiver;

(c) Doing any act which will, or will tend to, impair, defeat, divert, prevent or prejudice the preservation of the Property (including the Rents thereof) or the interest of Plaintiff in the Property or the Rents;

(d) Undertaking any efforts to cancel, terminate or modify the coverage provided by any existing insurance policies relating to the Property before their respective expiration dates; or

(e) Transferring, selling, assigning, revoking, returning, terminating or canceling, or taking or failing to take any action that would compromise, without the consent of the Receiver, any permit, approval, license, privilege, or right necessary for the operation of business at or use and occupancy of the Property.

6. **ADDITIONAL ADVANCES BY PLAINTIFF**

In accordance with the Loan Documents and applicable law, Plaintiff is authorized, but not directed, to make advances under the Mortgage to protect the Property and Plaintiff's interest therein (collectively, "Additional Advances"). Notwithstanding the foregoing, nothing herein shall obligate Plaintiff to make Additional Advances. Additional Advances, if any, shall: (a) be deemed part of the Obligations; and (b) be secured by the Property in accordance with the terms of the Mortgage and the other Loan Documents, with the same priority as the existing Obligations. As an alternative to making Additional Advances, Plaintiff is hereby authorized, but not obligated, to release to the Receiver funds deposited with Lender by or on behalf of Borrower for escrows or reserves or otherwise (collectively, "Escrows"), for purposes of protecting the Property and Plaintiff's interest therein. In no event shall the Escrows be deemed a part of the Property or the receivership estate.

7. **BANKRUPTCY OF BORROWER**

If Borrower files a bankruptcy case during the receivership, upon Plaintiff's knowledge thereof, Plaintiff shall give notice of the bankruptcy case to the Court and to the Receiver. If the Receiver receives notice that the bankruptcy has been filed and that part of the bankruptcy estate includes the Property (or any part thereof) that is the subject of this Order, the Receiver shall have the following duties:

(a) The Receiver shall immediately contact Plaintiff and determine whether Plaintiff intends to move in the bankruptcy court for an order for: (i) relief from the automatic stay; and (ii) relief from the Receiver's obligation to turn over the Property (11 U.S.C. § 543). If Plaintiff disclaims in writing any intention to make such a motion or fails to file such motion within ten court days following its receipt of notice of the bankruptcy filing, the Receiver shall immediately turn over the Property (or applicable portion thereof) to the appropriate entity

(either to the trustee in bankruptcy if one has been appointed or, if not, to the debtor in possession) and otherwise comply with 11 U.S.C. § 543.

(b) If Plaintiff intends to seek relief immediately from both the automatic stay and the Receiver's obligation to turn over the Property, the Receiver may remain in possession and preserve the Property pending the ruling on those motions unless otherwise ordered by the Bankruptcy Court. (11 U.S.C. § 543(a).) The Receiver's authority to preserve the Property shall be limited as follows: (i) the Receiver may continue to collect Rents and other income; (ii) the Receiver may make only those disbursements necessary to preserve and protect the Property; (iii) the Receiver shall not execute any new leases or other long-term contracts without the approval of this Court and the Bankruptcy Court; and (iv) the Receiver shall do nothing that would effect a material change in the circumstances of the Property.

(c) The Receiver may petition the Court to retain legal counsel to assist the Receiver with issues arising out of the bankruptcy proceedings that affect the receivership.

8. **DISCLAIMER OF AGENCY**

The Receiver is acting as an officer of the Court and not as an agent of any party to this matter, and nothing contained herein shall be deemed to have conferred upon Plaintiff the status of mortgagee-in-possession.

BY THE COURT:

s/ Matthew W. Brann
MATTHEW W. BRANN, U.S.D.J.